NO. 07-06-0375-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



NOVEMBER 8, 2006


 ______________________________


 

ESEQUIEL GARCIA, JR., APPELLANT



V.



THE STATE OF TEXAS, APPELLEE


_________________________________



FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2004-404,974; HONORABLE CECIL PURYEAR, JUDGE


_______________________________




Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

MEMORANDUM OPINION


 Appellant Esequiel Garcia, Jr., acting pro se, seeks to appeal an order entered in
trial court cause number 2004-404,974 in the 137th District Court of Lubbock County. The
record from the trial court demonstrates cause number 2004-404,974 was dismissed on
April 7, 2005, when appellant was re-indicted under cause number 2005-408,683. (1) This
opinion addresses the appeal from trial court cause number 2004-404,974.

 Appellant filed his notice of appeal with the trial court on September 20, 2006. His
notice of appeal does not specify the action of the trial court from which he appeals. From
the record before us, however, it appears that any appealable order in the cause would of
necessity have been rendered on or before April 7, 2005, when the cause was dismissed. 
Appellant's notice of appeal thus was due no later than May 9, 2005. (2) TEX. R. APP. P.
26.2. Thus, appellant's notice of appeal was filed over a year after the last possible due
date and is untimely. If an appeal is not timely perfected, a court of appeals has no
jurisdiction to address the merits of the appeal and can take no action other than to dismiss
the appeal. Slaton v. State, 981 S.W.2d 208, 210 (Tex.Crim.App. 1998). Appellant's
failure to timely file a notice of appeal prevents this court from having jurisdiction over the
appeal. Id. Accordingly, the appeal is dismissed for want of jurisdiction. Olivo v. State,
918 S.W.2d 519, 523 (Tex.Crim.App. 1996); TEX. R. APP. P. 43.2(f). 

 

 James T. Campbell

 Justice





Do not publish.
1. The case proceeded in the trial court under cause number 2005-408,683 and
appellant was convicted of Retaliation. That conviction is the subject of a separate appeal
in cause number 07-06-00417-CR.
2. No post-trial motion appears from the record before us. Even if such a motion had
been filed, extending the time to perfect appeal, appellant's notice of appeal still would be
untimely. Tex. R. App. P. 26.2(a).



 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-09-00042-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL A

 



JUNE
4, 2010

 



 

SANTIAGO MASON GOMEZ, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE 64TH DISTRICT COURT OF HALE
COUNTY;

 

NO. A17779-0809; HONORABLE ROBERT W. KINKAID JR., JUDGE



 



 

Before CAMPBELL
and HANCOCK and PIRTLE, JJ.

 

 

MEMORANDUM OPINION

 

Appellant, Santiago Mason Gomez, was
convicted of theft of property of the value of $500 or more but less than
$1,500, enhanced by two prior theft convictions.[1]  Appellant was sentenced to serve two years in
a State Jail facility and was assessed a fine of $7,500.  Appellant appeals challenging the sufficiency
of the evidence and contending that the trial court erred in admitting certain
exhibits.  We affirm.

 

 

Factual Background

            On
September 8, 2008, Faustinon Falcon, Jr., observed a
pickup truck parked beside the curb near his residence.  As Falcon observed the pickup, two men got
out.  One, a Hispanic male headed toward
the rear of the house belonging to Keith Herrington, the victim of the
theft.  The other man, the driver of the
pickup, got out and raised the hood of the pickup and appeared to be pouring
gas into the carburetor.  A short time
later, the Hispanic male returned carrying a power washer, electric chain saw,
and some other tools.  Falcon did not
recognize either of the men but did take down the license plate number of the
truck.  Later, Falcon advised a friend of
what he had seen and, after Herrington reported the theft, the Plainview Police
Department sent a detective to visit with Falcon about his observations.  

            The
same day as the theft, Billy Walker, the owner of Walker Drilling in Plainview,
purchased a pressure washer and chain saw from a Hispanic male.  The Plainview Police eventually recovered the
items Walker purchased, and they were identified by Herrington as being part of
what was stolen from his house. 

            Based
on the description of the vehicle, driver, and passenger, the Plainview Police
put together a photo lineup that was shown to Falcon.  After viewing the photo lineup, Falcon picked
out appellant as the Hispanic male he observed coming back from the rear of
Herringtons home with the power washer and electric chain saw.  Additionally, Falcon identified Leo Ivory as
the driver of the pickup truck.  The
police then obtained a statement from Ivory. 
In the statement, Ivory said that he was giving appellant a ride when he
ran out of gas.  While pulled to the curb
and putting gas in the truck and the carburetor, appellant walked to the back
of a house and returned with the power washer and other items.  After getting the pickup running again, Ivory
proceeded to his original destination, Daffrins Steel
in Plainview, which was across the street from Walker Drilling.  Ivory saw appellant get the items from the
truck and go across the street with them.

            After
hearing this evidence, the jury convicted appellant and sentenced him to two
years in a State Jail facility. 
Appellant contends that the evidence is insufficient, both legally and
factually, and that the trial court committed reversible error by admitting
five specific photographs.  We disagree
with appellant and affirm the judgment of the trial court.

Sufficiency of the Evidence

            Appellant
challenges both the legal and factual sufficiency of the evidence.  Therefore, we are required to conduct an
analysis of the legal sufficiency of the evidence first and then, only if we
find the evidence to be legally sufficient, do we analyze the factual
sufficiency of the evidence.  See Clewis v. State, 922 S.W.2d
126, 133 (Tex.Crim.App. 1996).

Standard of Review

Legal Sufficiency

In assessing the legal sufficiency of
the evidence, we review all the evidence in the light most favorable to the verdict
to determine whether any rational trier of fact could
have found the essential elements of the offense beyond a reasonable
doubt.  Jackson v.
Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61
L.Ed.2d 560 (1979); Ross v. State, 133 S.W.3d 618, 620 (Tex.Crim.App. 2004). 
In conducting a legal sufficiency review, an appellate court may not sit
as a thirteenth juror, but rather must uphold the jurys verdict unless it is
irrational or unsupported by more than a mere modicum of evidence.  Moreno v. State, 755
S.W.2d 866, 867 (Tex.Crim.App. 1988).  We measure the legal sufficiency of the
evidence against a hypothetically correct jury charge.  See Malik
v. State, 953 S.W.2d 234, 240 (Tex.Crim.App.
1997).

Factual Sufficiency

When an appellant challenges the
factual sufficiency of the evidence supporting his conviction, the reviewing
court must determine whether, considering all the evidence in a neutral light,
the jury was rationally justified in finding the appellant guilty beyond a
reasonable doubt.  See Watson v.
State, 204 S.W.3d 404, 415 (Tex.Crim.App.
2006).  In performing a factual
sufficiency review, we must give deference to the fact finders determinations
if supported by evidence and may not order a new trial simply because we may
disagree with the verdict.  See id.
at 417.  As an
appellate court, we are not justified in ordering a new trial unless there is
some objective basis in the record demonstrating that the great weight and
preponderance of the evidence contradicts the jurys verdict.  See id.  Additionally, an appellate opinion addressing
factual sufficiency must include a discussion of the most important evidence
that appellant claims undermines the jurys
verdict.  Sims v.
State, 99 S.W.3d 600, 603 (Tex.Crim.App. 2003).  The Texas Court of Criminal Appeals has
recently declared that, when reviewing the evidence for factual sufficiency,
the reviewing court should measure the evidence in a neutral manner against a
hypothetically correct jury charge.  Vega
v. State, 267 S.W.3d 912, 915 (Tex.Crim.App.
2008) (citing Wooley v. State, 273
S.W.3d 260, 268 (Tex.Crim.App. 2008)).

Analysis

            Appellant
essentially contends that, because Herrington did not see appellant take the
items from his house or the back porch of the house, the evidence is
insufficient.  This contention basically
ignores the legal efficacy of circumstantial evidence.  Circumstantial evidence is as probative as
direct evidence in establishing the guilt of an actor, and the standard of
review is the same for both direct and circumstantial evidence cases.  King v. State, 254
S.W.3d 579, 582 (Tex.App.Amarillo 2008, no pet.).  

            Additionally,
when conducting a legal sufficiency review, as we must initially do, we are
required to consider all of the evidence admitted by the trial court, even improperly
admitted evidence.  Hernandez
v. State, 190 S.W.3d 856, 863 (Tex.Crim.App.
2006).  Thus, we have the
testimony of Falcon seeing the Hispanic male bringing items from the back of
Herringtons house and placing them in Ivorys pickup truck.  Falcon later identified appellant as the
Hispanic male.  Herrington reported the
items stolen and these items match up to the items that a Hispanic male sold to
Walker on the same day as the theft. 
Finally, Ivory confirmed Falcons testimony and specifically identified
appellant as the perpetrator.  Ivory
further testified that appellant placed the items in the back of the pickup
truck and rode with Ivory over to Daffrins Steel,
which was located across the street from the business from which the stolen
items were recovered.  Based on the
totality of this evidence, the jury was entitled to find appellant guilty
beyond a reasonable doubt.  Appellants
issue regarding the legal sufficiency of the evidence is overruled.

            In
addressing the factual sufficiency of the evidence, appellants main contention
is that the evidence does not adequately connect appellant to the theft and the
stolen property.  See Sims,
99 S.W.3d at 603. 
Again, appellant would ask this court to discount the evidence because
it is not direct evidence.  As stated
above, circumstantial evidence is as probative as direct evidence.  King, 254 S.W.3d at
582.  Further, as a reviewing
court, we must give deference to the jurys determinations if supported by the
evidence.  Watson, 204 S.W.3d at 417.  Watson
does not limit the deference given to the jurys determination of facts to only
those cases that are supported by direct evidence.  This being so, the evidence discussed above
is factually sufficient to support the judgment of the trial court.  Appellants issue regarding the factual
sufficiency of the evidence is overruled.

Admission of Photographs

            By
his final issue, appellant contends that the trial court committed reversible
error in admitting certain photographs of the items taken from Herrington.  Appellants contention is that none of the
complained of photographs were properly authenticated.

Standard of Review

            As
appellant=s issue relates to the trial court=s admission of evidence, we review
the decision under the abuse of discretion standard.  See Billodeau
v. State, 277 S.W.3d 34, 39 (Tex.Crim.App.
2009).  The test for abuse of discretion
is whether the trial court acted without reference to any guiding rules and
principles.  Montgomery
v. State, 810 S.W.2d 372, 380 (Tex.Crim.App.
1991).  A reviewing court applying
the abuse of discretion standard should not reverse a trial judge=s decision whose ruling was within
the zone of reasonable disagreement.  Green v. State, 934 S.W.2d 92, 102 (Tex.Crim.App.
1996).

Analysis

            Initially,
the State contends that appellant has waived any objection to the admission of
any photographs because the objection made at trial was of a general nature
that did not serve to place the trial court on notice as to why the photographs
should not be admitted.  See Tex. R. App. P 33.1(a)(1)(A).  The objection made each time a photo was
offered was that the photo had not been properly authenticated.  While such an objection is not the model of
clarity, we will address the issue raised by appellant.

            Appellants
table of contents to his brief lists two issues pertaining to photographs.  Appellants third issue contends that States
exhibits 4, 5, 6, & 7 were improperly admitted due to inadequate
authentication.  However, when we read
the actual argument portion of the brief, there is no mention of States
exhibits 4, 5, 6, & 7.  The only
States exhibits discussed are States exhibits 8 & 9.  Accordingly, we find that appellant has
inadequately briefed his third issue and nothing is presented for review.  See Tex.
R. App. P. 38.1(i). 


            As
the argument in appellants brief pertains to States exhibits 8 & 9, these
are two photographs of what has been described as the electric chain saw that
belonged to Herrington after it had been disassembled.  Prior to the admission of the pictures,
Herrington specifically testified that he could identify the items in the
States exhibits.  Because the items had
been identified by the owner, the requirement of authentication contained in
Texas Rule of Evidence 901(a) has been met. 
See Tex. R. Evid. 901(a).  Accordingly, the trial court did not abuse
its discretion in admitting the pictures. 
Billodeau, 277 S.W.3d
at 39.  Appellants issues
relating to the admission of the photographs are overruled.

Conclusion

Having overruled appellants
contentions, we affirm the judgment of the trial court.

                                                                                                Mackey
K. Hancock

                                                                                                            Justice

 

Do not publish.

 

 

            








 











[1] See Tex.
Penal Code Ann. § 31.03(e)(4)(D) (Vernon
Supp.2009).